UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IAN MARCHANT,

     Plaintiff,

v.

GEORGE STEPHENSON, *et al.*,

     Defendants.

Case No. 21-12807
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

## ORDER ACCEPTING REPORT AND RECOMMENDATION [33] AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [28]

Ian Marchant was formerly in the custody of the Michigan Department of Corrections. While incarcerated there, he filed this pro se case against George Stephenson, Kristopher Steece, and two unnamed parole board members, alleging they violated his constitutional rights. (ECF No. 1, PageID.15–18.) More specifically, he alleges that as a condition of his release on parole, he was required to take a particular class in a congregate setting. (*Id*. at PageID.17–18.) In his view, this violated his rights under the Eighth and Fourteenth Amendments because attending the in-person class created an undue risk of contracting COVID-19. (*Id*.) In response to these allegations, Stephenson and Steece filed a motion for summary judgment, arguing that Marchant failed to properly exhaust his administrative remedies before filing suit. (ECF No. 28.) Before the Court is Magistrate Judge Grand's Report and Recommendation recommending Stephenson and Steece's motion be granted and Marchant's claims be dismissed as to all Defendants. (ECF No. 33, PageID.121.)

At the conclusion of the February 15, 2023, Report and Recommendation, Magistrate Judge Grand notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 33, PageID.120.) Under Federal Rule of Civil Procedure 6(d), since Marchant was served via mail, three days are added to the objection period. And the prison mailbox rule also applies, so Marchant's objections would be considered filed when he delivered them to prison authorities for mailing. In all, waiting the 17-day objection period and allowing some time for the Court to receive objections that Marchant may have mailed, especially since he is currently in custody in Ohio, it has now been more than 40 days since the Report was served on the parties. No objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D.

2

Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts the recommended disposition. (ECF No. 33.) It follows that Defendants' Motion for Summary Judgment (ECF No. 28) is GRANTED and Marchant's claims are DISMISSED as to all Defendants. A separate judgment will follow.

SO ORDERED.

Dated: March 31, 2023

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE